tainty enough to understand the application, do not constitute the practice or law of the court. Mitf.Pl. 46, Coop.Eq.Pl. 13; where a bill seeks to obtain the special order of the court, or a provisional writ, as injunction *ne exeat regno,* or other writs of a similar nature, it is usual to insert in it, immediately after the prayer of process, a prayer for the order or particular writ which the case requires. Blake Ch.Pr. 407, the form of a writ of injunction in the State of New York, where it restrains the plaintiff at law from proceeding "upon the judgment in favour of E. F. mentioned in the said bill," etc. 2 Harr.Ch.Pr. 206, writ of injunction to "desist from all further proceedings at law against the said complainant touching any of the matters in the said bill complained of, until" etc. Here it is general. 2 Harr.Ch.Pr. 208, writ of injunction, special.

Another reason for particularity is that in England injunctions are commonly ordered on motion, and then the whole case is discussed; here it is commonly done, *ex parte,* on affidavit, or on bill filed, and therefore there should be great precision in the prayer; especially as, on an injunction to stay proceedings at law, on a judgment by which money is recovered, security is ordered.

**ELIZABETH GILDER v. UNITY GILDER and REUBEN GILDER,** Administrators of John Gilder, and **DAVID MARVEL,** Administrator d. b. n. of Henry Gilder, (which said John and Henry were Executors of Reuben Gilder), and **BATCHELDER CHANCE** and **ABSALOM GIBBS.**

Court of Chancery. Kent. [July, 1827.]

*Ridgely's Notebook V, 371.*

[For this case, see 1 Del.Ch. 331.]